**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**STATE OF NEBRASKA, ex rel. L. TIM WAGNER, DIRECTOR OF INSURANCE OF THE STATE OF NEBRASKA,**

**Plaintiff,**

**v.** **Case No. 8:05-CV-1044-T-30TBM**

**WALBRIDGE CONTRACTING, INC.,**

**Defendant.**
**_________________________________________/**

# ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Stay and Incorporated Memorandum of Law (Dkt. # 12), Defendant's Reply thereto (Dkt. # 14), Defendant's Motion to Dismiss Complaint (Dkt. # 13), and Plaintiff's Opposition thereto (Dkt. # 15). The Court, having considered the Motions, Reply, and Opposition, and being otherwise fully advised, finds that the Motion to Stay should be granted and that the Motion to Dismiss should be denied.

Plaintiff, Liquidator for the State of Nebraska of Amwest Surety Insurance Company, filed an action in this Court in order to preserve its right to recover an allegedly preferential transfer to Defendant. Plaintiff has moved to stay the action pending the resolution of a Nebraska state court case involving the same parties and identical issues.

During the Nebraska state court litigation, Defendant moved for dismissal, asserting lack of personal jurisdiction. The Nebraska state court denied Defendant’s motion, and Defendant’s appeal of that ruling is pending. Plaintiff filed the instant action in this Court, before the statute of limitations expired, in order to preserve its recovery action in the event that the Nebraska appellate court finds there is no personal jurisdiction over Defendant.

In response, Defendant has moved to dismiss, arguing that this Court lacks subject matter jurisdiction over the case, or alternatively, that Plaintiff should be judicially estopped from pursuing this action. Prior to this action, Defendant removed the Nebraska state case to federal court, where the court remanded it. In remanding the case, the Nebraska district court ruled that exercising federal diversity jurisdiction over the case would frustrate Nebraska law mandating that insurance liquidations occur in specialized state courts. Defendant argues that this Court should agree with the District of Nebraska’s determination that federal diversity jurisdiction is inapplicable in this case. Defendant further contends that because Plaintiff argued the inapplicability of federal diversity jurisdiction during the Nebraska proceedings, it is now judicially estopped from asserting that this Court has diversity jurisdiction.

However, Defendant fails to note that during the remand proceedings, Plaintiff did not argue, and the Nebraska district court did not find, a lack of federal diversity jurisdiction. Rather, the Nebraska district court adopted Plaintiff’s argument that exercising its diversity

jurisdiction would violate the McCarran-Ferguson Act[1]. The McCarran-Ferguson Act provides, in pertinent part, that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance . . . unless such Act specifically relates to the business of insurance." 15 U.S.C. §1012(b). The Nebraska district court found a conflict between the federal diversity statute, which does not directly relate to the business of insurance, and the Nebraska law requiring insurance liquidations to be conducted in a specialized state court. Therefore, the Nebraska district court reasoned that application of the federal diversity statute would impermissibly preempt Nebraska state law in violation of the McCarran-Ferguson Act.

The Court agrees with Plaintiff that its previous argument to the Nebraska district court does not estop it from asserting that this Court should exercise its diversity jurisdiction over the case. If the Nebraska state court has personal jurisdiction over Defendant, then the matter should be adjudicated in that forum and this case dismissed. However, if the Nebraska state court lacks personal jurisdiction over Defendant, then Plaintiff may continue litigation in this Court. Accordingly, the Court decides to stay this case pending the outcome of the Nebraska state case.

It is therefore **ORDERED** and **ADJUDGED** that:

1. Plaintiff's Motion to Stay and Incorporated Memorandum of Law (Dkt. # 12) is **GRANTED**.

---

[1] 15 U.S.C. §1011-1015

2. Defendant's Motion to Dismiss Complaint (Dkt. # 13) is **DENIED** without prejudice.

3. This matter is **STAYED** pending the outcome of Defendant's appeal in Nebraska state court.

4. The parties are directed to advise the Court of the resolution of Defendant's Nebraska state court appeal.

**DONE** and **ORDERED** in Tampa, Florida on December 14, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2005\05-cv-1044.mtd.wpd